IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM O. SPIVEY, #K-81482, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-00196-GPM |
| | ) |
| HOWARD S. HORNER, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter is before the Court on a motion for leave to proceed in forma pauperis ("IFP") brought by Plaintiff (Doc. 2). Plaintiff, an inmate at Menard Correctional Center ("Menard"), seeks leave to proceed IFP in this case without prepayment of the Court's usual $350.00 filing fee in a civil case. *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner[1] who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the

---

[1] Plaintiff's submissions do raise questions regarding Plaintiff's prisoner status. His affidavit states, "[W]hile I was working on this Complaint, I got out of Prison on 02/01/13" (Doc. 1, p. 6). Plaintiff filed this lawsuit on February 27, 2013. For purposes of this motion, the Court has determined that Plaintiff was a prisoner at the time of filing this action. The Court based its determination on the fact that the complaint was submitted to the Court via the electronic scanner in Menard and on the inmate locator on the Illinois Department of Correction's website (www2.illinois.gov/idoc), which indicates that Plaintiff was admitted into custody on February 1, 2013, and has a projected parole date of February 1, 2014. *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites).

1

complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).  Plaintiff's affidavit meets these basic requirements.

However, Plaintiff's IFP motion fails on its merits.  According to 28 U.S.C. § 1915, a prisoner may not bring a civil action or appeal a civil judgment "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Section 1915(g) requires that this Court consider prisoner actions dismissed prior to, as well as after, the PLRA's enactment.  *See Evans v. I.D.O.C.*, 150 F.3d 810, 811 (7th Cir. 1998); *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996).

Plaintiff has had three or more prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  *See Spivey v. Walker, et al.*, Case No. 10-cv-727-JPG (S.D. Ill., dismissed for failure to state a claim upon which relief may be granted, March 7, 2011); *Spivey v. Davis, et al.*, Case No. 10-cv-893-JPG (S.D. Ill., dismissed for failure to state a claim upon which relief may be granted, March 10, 2011); and *Spivey v. Dean, et al.*, Case No. 10-cv-925-JPG (S.D. Ill., dismissed for failure to state a claim upon which relief may be granted, March 29, 2011).  Because Plaintiff has accumulated at least three "strikes" for purposes of Section 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

Plaintiff has not satisfied this requirement.  The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner.

*Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id.* at 330 (citing *Abdul-Wadood*, 91 F.3d 1023 (7th Cir. 1996)).

Plaintiff's claims of imminent danger are conclusory. In his IFP motion, Plaintiff states, "I am filing this claim under the Imminent Danger Clause" (Doc. 2, p. 1). In his complaint, Plaintiff goes on to state that he is in imminent danger of being attacked by the defendant in this lawsuit, as well as other defendants in his numerous other lawsuits, in retaliation for his decision to file suit (Doc. 1, p. 1). Plaintiff provides no specific instances in which he was attacked by the defendant in this, or any other, lawsuit. He provides no indication that any defendant has threatened, or even hinted, at an attack. These conclusory allegations, without more, do not support a finding by this Court that Plaintiff is under imminent danger of serious physical harm.

Likewise, Plaintiff's bald assertions regarding discrimination based on Plaintiff's religion, gender, race, ethnicity, or otherwise show no "real or proximate" threat of imminent danger to Plaintiff (Doc. 1, pp. 3-4). This includes Plaintiff's allegation that Defendant Horner neglected to provide him with a Change of Religious Affiliation form, or to pass the completed form along to a third party (Doc. 1, p. 3). Once again, Plaintiff provides no concrete assertions that he has been, will be, or is currently at risk of being harmed.

The Court concludes that Plaintiff has not shown that he is under imminent danger of serious physical injury so as to escape the "three-strikes" rule of Section 1915(g), thus he cannot

proceed IFP in this case.  Therefore, it is hereby **ORDERED** that Plaintiff's motion for leave to proceed IFP in this case (Doc. 2) is **DENIED**.  It is **further ORDERED** that Plaintiff shall pay the full filing fee of $350.00 for this action within **twenty-one (21) days** of the date of entry of this Order.  If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed.  *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

Finally, Plaintiff is **FURTHER ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

**DATED:**  April 1, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge